LYONS, Judge,
delivered the resolution of the Court, to the following effect:
The first exception taken by the counsel for the appellant is, that there is no averment of notice to the defendant, that due diligence had been used to obtain payment from Imlay. But, the Court is of opinion, that there was no necessity for such an averment; for, the defendant undertook to see the money paid; and, of course, it was his business to look to the performance himself, without any notice from the plaintiff. For, the difference is, where the party cannot perform the thing, without receiving notice from the person to whom it is to be performed, and where he may perform it without such notice, from the other side. In the first case, a special notice and demand is necessary, but not in the other; and that is the whole amount of the cases cited from Espinasse, by the appellant’s counsel. But, in the present case, the defendant might have performed his undertaking without notice from the plaintiff; he might have consulted the records, and seen the deed; he might have ascertained whether the money had been paid by Imlay; and, if not, he might have had it done, without notice, or other act, on the part of the plaintiff. Of course, as he had entered into an express undertaking, if he failed to perform it, a general allegation of the demand and refusal was sufficient, without stating a special notice or particular request. The case of Chichester v. Vass, 1 Call, 83, has no influence on the case, as was supposed by the appellant’s counsel; for, that case did not *177 turn upon the notice, but upon the omission to aver a gift to the other daughters; which, being the very gist of tiro action, the Court thought there could be no recovery without an express statement of the fact; but, here, notice was not the gist of the action; the plaintiff had only to convey the land, and the defendant was bound to see the money paid; therefore, notice that he should do so, was wholly unnecessary. With respect to the opinion, given by the District Court, relative to the deed, we think there is no just ground of exception on that account. For, it was the defendant who moved for the instruction; and the Court, in effect, only gave their opinion, that it was, in substance, conformable to the tenor of the declaration; and not, that the plaintiff was entitled to recover, upon the evidence offered. So, that the opinion merely served as an inducement to the other evidence, de hors the deed; which was to form a component part of the plaintiff’s right to recover. It is, therefore, not like the case of Keel v. Herbert, where there was an express declaration to the jury, upon the whole evidence; for, in the present case, it was a construction of papers, and the opinion confined to a single point, without any attempt to prescribe the verdict which the jury were to find. The Court is, therefore, unanimously of opinion, that there is no error in the judgment; and that it ought to be affirmed.
Judgment affirmed.